IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

                                                      ORDER

                Plaintiff,

                                                    08-cr-27-bbc

    v.

MICHAEL SCATES.,

                Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

In an order entered on April 29, 2013, I denied defendant Michael Scates's motion under 18 U.S.C. § 3582. On May 9, 2013, defendant filed a motion for reconsideration which was denied on May 10, 2013. Defendant has now filed a notice of appeal and a request for a certificate of appealability. He has not submitted the $455 fee for filing his notice of appeal that is required if he is to take an appeal from the denial of a § 3582 motion. Therefore, I construe defendant's notice as including a request for leave to proceed in forma pauperis on appeal under 28 U.S.C. § 1915.

According to 28 U.S.C. § 1915(a), a defendant who is found eligible for court-appointed counsel in the district court proceedings may proceed on appeal in forma pauperis without further authorization "unless the district court shall certify that the appeal is not

1

taken in good faith." Defendant had court-appointed counsel during the criminal proceedings against him, but this is not an instance in which a reasonable person could suppose that the appeal has some merit, as is required for the appeal to be taken in good faith. As I explained to defendant in the April 29, 2013 and May 10, 2013 orders, because his sentence was reduced to 80 months in November 2011, after the 2010 retroactive amendments to the crack cocaine sentencing guidelines had taken effect, he cannot file a second motion for a reduction of sentence under 18 U.S.C. § 3582(c)(2), so long as he is relying on the same amendment.

The standard for deciding whether to issue a certificate of appealability is more demanding than the standard for determining good faith. Walker v. O'Brien, 216 F.3d 626, 631 (7th Cir. 2000). Defendant's challenge fails to meet the demanding standard for a certificate of appealability. The issue defendant wishes to raise on appeal is not debatable among reasonable jurists, a court could not resolve the issues differently and the question is not adequate to deserve encouragement to proceed further. Therefore, I am declining to issue a certificate of appealability.

Under Fed. R. App. P. 24, defendant has 30 days from the date of this order in which to ask the court of appeals to review this court's denial of leave to proceed in forma pauperis on appeal and denying his certificate of appealability. His motion must be accompanied by (1) an affidavit as described in the first paragraph of Fed. R. App. P. 24(a) and (2) a copy

of this order.

ORDER

IT IS ORDERED that defendant Michael Scates's request for leave to proceed in forma pauperis on appeal and a request for a certificate of appealability are DENIED. I certify that defendant's appeal is not taken in good faith. Defendant has the right to appeal this order certifying his appeal as not taken in good faith.

Entered this 11th day of June, 2013.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge